**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CLIFFORD J. YOUNG,

      Defendant-Appellant.

No. 17-8059

———————————————

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 1:17-CR-00051-SWS-1)**
———————————————

Josh Lee, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Jason M. Conder, Assistant United States Attorney (Mark A. Klaassen, United States Attorney, with him on the brief), Lander, Wyoming, for Plaintiff-Appellee.

———————————————

Before **BRISCOE**, **KELLY**, and **BACHARACH**, Circuit Judges.
———————————————

**BACHARACH**, Circuit Judge.
———————————————

This appeal involves a sentencing enhancement imposed after a federal conviction. At sentencing, the district court enhanced Mr. Clifford Young's guideline range for recklessly endangering others while fleeing

from a law-enforcement officer. *See* U.S. Sentencing Guidelines Manual § 3C1.2 (two-level increase in the offense level). The issue on appeal is whether the district court's factual findings sufficed to trigger the enhancement.

The facts are largely undisputed. Mr. Young fled from the police. During the flight, he threatened to shoot if the police took action. They took action anyway, using "spike strips" to bring Mr. Young's vehicle to an eventual stop. But Mr. Young refused to surrender, engaging in an armed standoff on the side of the highway. This conduct provided an adequate basis for the enhancement; we therefore affirm.

## I.    Background

The events unfolded when Mr. Young said that he would commit suicide in front of his ex-girlfriend and began driving toward her house. A friend alerted police officers, who tried to stop Mr. Young. He fled with the police in pursuit. Mr. Young did not speed or otherwise drive recklessly during the chase. But while driving, Mr. Young threatened to shoot the police if they took action.

Roughly 40 minutes into the pursuit, the police deployed spike strips to puncture the tires of Mr. Young's car. The spike strips worked, and Mr. Young's car eventually stopped. But Mr. Young remained in his car for roughly 4-½ hours before surrendering.

2

Mr. Young was convicted of possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the district court applied an enhancement for reckless endangerment, concluding that Mr. Young's actions had recklessly created a substantial risk of death or injury to others. *See* U.S. Sentencing Guidelines Manual § 3C1.2. Mr. Young appeals the application of this enhancement.

## II. Standard of Review

The parties disagree over the standard of review. The government asks us to apply the clear-error standard. *See United States v. Brown*, 314 F.3d 1216, 1221 (10th Cir. 2003). Mr. Young urges us to engage in de novo review.

In his briefing and at oral argument, Mr. Young stressed that he is not challenging any of the district court's factual findings; instead, he accepts the findings of fact and argues solely that the facts are insufficient as a matter of law to warrant the enhancement. Therefore, we apply de novo review to Mr. Young's challenge. *See United States v. Hamilton*, 587 F.3d 1199, 1222 (10th Cir. 2009) (stating that when a defendant argues that "the facts found by the district court are insufficient as a matter of law to warrant an enhancement, we must conduct a de novo review").

## III. Application of the Reckless-Endangerment Enhancement

Mr. Young challenges the application of the reckless-endangerment enhancement. This enhancement applies when a defendant "recklessly

3

create[s] a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S. Sentencing Guidelines Manual § 3C1.2.

In finding that the enhancement applied, the district court relied in part on Mr. Young's threat to shoot pursuing police officers and refusal to surrender. While fleeing, Mr. Young told a police dispatcher that "if police took any action he would return with gunfire" and "he knew officers were wearing bullet proof vests, but he had hollow point ammunition, and was a good shot." R. vol. II, at 40. The court found that

- this threat had recklessly endangered the pursuing officers and

- Mr. Young's refusal to surrender himself or his weapon during the standoff had recklessly endangered pursuing officers.[1]

Mr. Young counters with two arguments:

1.  Verbal threats cannot constitute reckless endangerment.

2.  The standoff is immaterial because it did not take place while Mr. Young was fleeing.

We reject both arguments.

---

[1] The district court also relied on other factors, such as Mr. Young's flight, the officers' deployment of spike strips, Mr. Young's possession of a firearm, and his statements suggesting an intent to commit "suicide by cop." R. vol. III, at 47. We need not address the impact of these factors.

4

**A.  The combination of Mr. Young's threat and the subsequent standoff created a substantial risk of death or serious bodily injury to another person.**

Mr. Young's first argument is that the threat involved only verbal communication rather than an overt action like brandishing or shooting a gun. To Mr. Young, the distinction matters because the enhancement is triggered only if the defendant *does* something to create a risk rather than *threaten* to do something that would create a risk. In light of this distinction, Mr. Young insists that a threat to shoot would not trigger the enhancement.

We agree that the enhancement applies only when a defendant actually creates a substantial risk. *See* U.S. Sentencing Guidelines Manual § 3C1.2; *see also United States v. Bell*, 953 F.2d 6, 10 (1st Cir. 1992) ("Section 3C1.2 punishes the act of creating a risk of death, not merely the intent to create such a risk."). The resulting issue is whether Mr. Young's threat created a substantial risk of harm when he later engaged in a standoff with the police.

The threat created a dangerous situation for the officers as they pursued Mr. Young. The police were on alert, knowing that he was armed and had expressed an intention to shoot if they were to take action. They took action anyway, deploying spike strips. When Mr. Young ran over the spike strips, losing tire pressure and coming to an eventual halt, the police had reason to fear grave harm. Mr. Young had already threatened to shoot

5

the police officers if they were to take action, and they had now taken action.[2]

The danger intensified during the standoff, with the police trying to coax Mr. Young out of his car. He could have fired at any time, and the police were presumably aware of their vulnerability. They too could have shot, fearing that Mr. Young would carry out his threat. And if the police were to shoot, they could have accidentally shot a fellow police officer. This risk supports application of the enhancement. *See United States v. McDonald*, 521 F.3d 975, 979–80 (8th Cir. 2008) (applying the enhancement to defendants who had barricaded themselves in a hotel room for two hours, claimed to have a gun, and threw chairs out of the window); *United States v. Campbell*, 42 F.3d 1199, 1205–06 (9th Cir. 1994) (applying the enhancement to a defendant who armed and barricaded himself inside a house for twelve hours and threatened to kill officers). Thus, the combination of the threat and standoff provided sufficient support for the district court's determination that Mr. Young had recklessly endangered another person.[3]

---

[2] Mr. Young questions the existence of evidence that he knew that the police had used spike strips. But the district court could reasonably infer that Mr. Young would have learned of the spike strips when they punctured his tires and stopped his car.

[3] Mr. Young argues that the district court erred in concluding that the general public had been endangered because the court made no findings that bystanders were present during the chase. We need not address this

## B. Mr. Young's standoff with the police occurred "in the course of fleeing."

Mr. Young also asserts that we cannot consider the armed standoff because it did not occur "in the course of fleeing from a law enforcement officer." U.S. Sentencing Guidelines Manual § 3C1.2. Mr. Young concedes that he was fleeing while driving on the highway, but he insists that he was no longer fleeing once his car stopped. Mr. Young reads the guideline too narrowly.

The guideline commentary states: "'During flight' is to be construed broadly and includes preparation for flight. Therefore, this adjustment also is applicable where the conduct occurs in the course of resisting arrest." *Id.* § 3C1.2 cmt. 3. Mr. Young was resisting arrest during the standoff, disobeying police commands to exit his vehicle.

Mr. Young argues that the guideline commentary refers only to attempts to flee and denies that he was attempting to flee during the standoff. But he has misread the commentary, which encompasses efforts to resist arrest. Based on this commentary, courts have concluded that resisting arrest—even without an attempt or preparation to flee—qualifies as flight from law enforcement. *See United States v. McDonald*, 521 F.3d 975, 979–80 (8th Cir. 2008) (concluding that the term "during flight"

---

argument; even if Mr. Young were correct, the risk to pursuing officers would suffice for the enhancement. *See* U.S. Sentencing Guidelines Manual § 3C1.2 (requiring the creation of a risk of harm to "another person").

7

applied to defendants who had barricaded themselves in a hotel room); *United States v. Campbell*, 42 F.3d 1199, 1205–06 (9th Cir. 1994) (concluding that the term "during flight" applied to a defendant who had barricaded himself inside a house and engaged in a twelve-hour armed standoff with police).

Like those courts, we conclude that the term "fleeing" is not limited to an attempt or preparation to flee. We therefore conclude that Mr. Young was fleeing when he refused to surrender and engaged in a standoff with police officers.

\* \* \*

Mr. Young fled from police, refusing to surrender as he drove for roughly 40 minutes on the highway and engaged in a standoff for roughly 4-½ hours. During that time, Mr. Young informed police that he had a gun and threatened to shoot if they took any action. And they did take action by deploying spike strips. Thus, the district court did not err in applying the sentencing enhancement.

## IV. Conclusion

We conclude that

- the enhancement was supported by Mr. Young's threat to shoot and his subsequent standoff with the police and

- Mr. Young's standoff occurred in the course of fleeing from police.

8

Therefore, the district court did not err in applying the reckless-endangerment enhancement.

Affirmed.